## Case No. 16,629.

### UNITED STATES V. WADE et al.

[2 Cranch, C. C. 680.] 1

Circuit Court, District of Columbia. May Term, 1826.

JOINT INDICTMENT—COMPETENCY OF WITNESS.

If two be indicted jointly for assault and battery, the wife of one of them cannot be a witness for the other, although they sever in their pleas.

The defendants [Judson Wade and David Young] were indicted jointly for assault and battery upon Joseph Fagan, and severally pleaded not guilty.

Mr. Key, for defendants, offered to examine the wife of the defendant Young as a witness for the other defendant, Wade.

But THE COURT (nem. con.) refused; and said. if Young himself could not be a witness, his wife could not; and cited the case of Rex v. Frederick, 2 Strange, 1095.

Verdict guilty.

Key & Frost, for defendant Wade. moved for a new trial, because the court had rejected the testimony of Young's wife; and contended that if the defendants had been tried separately, as they had a right to be, her testimony would have been competent in behalf of Wade, and that. having pleaded separately, there was the same reason for admitting it, as to Wade, as if they had been tried separately.

But THE COURT refused the new trial. See Com. v. Easland, 1 Mass. 15, and 5 Esp. 107.

## Case No. 16,630.

### UNITED STATES v. WAGNER.

[1 Cranch, C. C. 314.] 1

Circuit Court. District of Columbia. June Term. 1806.

LARCENY—STEALING FENCE-RAILS.

It is not felony to steal rails fixed into posts inserted in the ground. if the severance of the rails from the posts and the taking and carrying away were one continued act.

Indictment [against Caspar Wagner] for stealing three fence-rails, the property of some person or persons to the jury unknown.

Mr. Law. for the prisoner. contended that the fence was part of the freehold, and therefore the defendant was only guilty of a trespass.

PER CURIAM. If the jury should be satisfied. from the evidence, that the rails were fixed in the posts for the purpose of making a fence, and the posts were fixed in the ground. and that the prisoner severed them from the posts and took them away at the same time as one continued act, the prisoner was not guilty of felony but only of a simple trespass.

Verdict, not guilty.